PER CURIAM.
The appellant, as relator in the circuit court, petitioned for an alternative writ of mandamus to compel the Miami Beach City Council to adopt or submit to the electorate certain proposed charter amendments. No alternative writ was issued. After a hearing on notice the petition was dismissed, and relator appealed. The city charter was amendable under home rule in Dade *612 County,[1] and the charter of Metropolitan Dade Comity set out the requirements and procedure.[2] In the petition it was alleged that as provided for under the Metropolitan Dade County Charter, Article 5, § 5.03, relator had submitted to the city council a petition for enactment or submission to the electors of six proposed charter amendments, certified to by the city clerk as having been made by more than 10% of the qualified electors of the city, that demand had been made and refused, and that the city council was under a legal duty to submit such proposed charter amendments to the electors.
A similar mandamus action had been brought earlier, within the 120-day period allowed for election, in which it was alleged the majority of the council had “openly declared” they would not submit the matter to the electors. The dismissal thereof was appealed to this court, and we affirmed (166 So.2d 624) on the ground that the application for mandamus, made before the time to hold the election had expired, was premature, saying (at 624-625) :
“The order quashing the alternative writ of mandamus and dismissing appellants’ petition is affirmed because it does not appear from the petition that the City Council of the City of Miami Beach failed or refused to perform a clear legal duty prior to the filing of the petition. * * * ” [Emphasis supplied.]
Our affirmance of the judgment rejecting the first mandamus action was filed August 4, 1964. The present petition for mandamus alleges demand was made on the respondent City Council the following day, on August 5, 1964. This action was filed a week thereafter, on August 12, 1964.
No useful purpose would be served by a lengthy opinion. We are of the view that the petition seeking an alternative writ of mandamus made out a prima facie case, and justified issuance of an alternative writ and a disposition of the cause on the merits. Our holding that the petition is sufficient to call for issuance of an alternative writ should not be construed or considered as ruling upon or expressing any view with reference to the constitutionality, or otherwise, of the proffered charter amendments.
The judgment dismissing the petition for mandamus is reversed and the cause remanded for further proceedings.

. The powers granted to the governing body of Metropolitan Dade County under its Some Rule Charter as provided for in the Constitution of Florida, Art. VIII, § 11(1), E.S.A., include the following: “(g) Shall provide a method by which each municipal corporation in Dade County shall have the power to make, amend or repeal its own charter. Upon adoption of this home rule charter by the electors this method shall be exclusive and the Legislature shall have no power to amend or repeal the charter of any municipal corporation in Dade County.”

. The Charter of Metropolitan Dade County (Art. 5, § 5.03) relating to Municipal charters, provides as follows:
“(A) Except as provided in Section 5.04, any municipality in the county may adopt, amend, or revoke a charter for its own government or abolish its existence in the following manner. Its governing body shall, within 120 days after adopting a resolution or after the certification of a petition of ten per cent of the qualified electors of the municipality, draft or have drafted by a method determined by municipal ordinance a proposed charter, amendment, revocation, or abolition which shall be submitted to the electors of the municipalities. Unless an election occurs not less than 60 nor more than 120 days after the draft is submitted, the proposal shall be submitted at a special election within that time. The governing body shall make copies of the proposal available to the electors not less than 30 days before the election. Alternative proposals may be submitted. Bach proposal approved by a majority of the electors voting on such proposal shall become effective at the time fixed in the proposal.”